**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PERCY HUAMANYALLI LOPEZ, | Civil Action No. 26-2518 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| WARDEN, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Percy Huamany Lopez's habeas petition challenging his ongoing immigration detention (ECF No. 1) and Petitioner's motion seeking a temporary restraining order.  (ECF No. 2.)  Following an order to answer, the Government filed a response to the petition.  (ECF No. 5.)  Petitioner did not file a reply.  For the following reasons, the petition is granted, and Petitioner shall be released.

Petitioner is a native and citizen of Peru who crossed the southern border of the United States without admission or inspection in November 2023.  (ECF No. 5-1 at 2-3.)  Shortly after crossing the border, Petitioner was apprehended by border patrol, but was released on his own recognizance without being paroled shortly thereafter.  (*Id.* at 3.)  Petitioner thereafter remained at liberty in the United States until March 6, 2026, when Petitioner was encountered by immigration officers during an enforcement operation.  (*Id.*)  Since that time, Petitioner has been held without bond pursuant to 8 U.S.C. § 1225(b)(2).  (*Id.* at 3-4.)  Petitioner has no criminal history.  (*Id.* at 4.)

In responding to Petitioner's habeas petition and this Court's order to answer, the Government contends Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2).  (*See* ECF No.

1

5.)  The Government acknowledges, however, that this matter is not distinguishable from prior cases in which this Court and other courts in this district have determined that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period after crossing the border without being admitted or paroled.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). As Petitioner clearly falls into the category of alien who may not be held under 8 U.S.C. § 1225(b)(2) under this Court's prior rulings as he crossed the border without inspection, admission, or parole and was thereafter at liberty in the United States for several years, Petitioner's continued mandatory detention under § 1225(b)(2) is unlawful.  *Valerio*, 2025 WL 3251445, at *3. Petitioner's habeas petition must therefore be granted.

The Government nonetheless argues that if the Court grants the petition it should provide Petitioner only with the bond hearing to which he would be entitled had he been taken into custody under 8 U.S.C. § 1226(a).  *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility.  As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into

> a potentially lawful alternate form under a different statute with different procedural requirements and rules.  This is especially so in light of the Government's . . . continued employment of an oft rejected legal position.  *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately.  Petitioner's motion seeking a temporary restraining order (ECF No. 2) shall be denied as moot in light of the Court ordering his release.  An order consistent with this Memorandum Opinion will be entered.

Date: March 30, 2026

        s/ Zahid N. Quraishi
        **ZAHID N. QURAISHI**
        **UNITED STATES DISTRICT JUDGE**